23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ahmad Muhammad RASHAD, a/k/a Calvin Eugene Harrell, a/k/a
Calvin Harold, a/k/a Ahmad Muhammad, Defendant-Appellant.
 No. 93-5828.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1994.
Decided: May 10, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-93-58-N)
 David L. Arnold, Pender & Coward, Virginia Beach, VA, for appellant.
 Helen F. Fahey, U.S. Atty., George M. Kelley, III, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ahmad Muhammad Rashad pled guilty to embezzling federal funds in violation of 18 U.S.C.A. Sec. 641 (West 1976), and received a sentence of eight months imprisonment. He appeals his sentence, alleging as error the disparity between his sentence and the sentences of his co-defendants. He also contends that his sentence violated the Eighth Amendment protection against disproportionate sentencing, and was impermissibly based on his male gender and his poverty. We affirm.
 
 
 2
 First, the government asserts that Rashad waived the right to appeal his sentence. Rashad concedes that his plea agreement contained a waiver provision, but argues that he did not make a knowing and voluntary waiver of the right to appeal, because he did not understand the waiver and the district court failed to question him about it at the Fed.R.Crim.P. 11 hearing. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991). Because the joint appendix does not contain the plea agreement, and the portion of the Rule 11 hearing which is reproduced in the joint appendix does not contain any reference to the waiver provision, we are unable to review the validity of the waiver. We therefore address the merits of Rashad's appeal.
 
 
 3
 Rashad and two female co-defendants embezzled funds intended for homeless families from a shelter in Norfolk, Virginia. The district court determined that Rashad's guideline range was 2-8 months, United States Sentencing Commission, Guideline Manual, Sec. 2B1.1 (Nov.1992), and sentenced him to a term of eight months. Rashad did not object to the sentence imposed. His claims of error are thus reviewed under the plain error standard. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 4
 Although Rashad's female co-defendants were sentenced to four-month terms of imprisonment, we do not find that the district court plainly erred in sentencing him. The district court may fix the sentence at any point within the guideline range which it deems appropriate. Williams v. United States, 60 U.S.L.W. 4206, 4210 (U.S.1992). Rashad's sentence is not disproportionate to the crime he committed, and there is no suggestion in the record that the district court sentenced him more harshly because he is a male or because of his economic status.*
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Rashad and his co-defendants were sentenced at the same hearing. The district court determined that the guideline range for each of Rashad's co-defendants was 8-14 months, but for reasons not clear in the record sentenced each to a term of 4 months imprisonment, to be followed by 120 days home confinement, apparently as a condition of supervised release. The propriety of these sentences is not before us in this appeal